Jamhil Medical, P.C., as Assignee of Shirley Vialva, Appellant, et al., Plaintiff,
against
One Beacon Ins. Co., Respondent.




Zara Javakov, P.C. (Zara Javakov, Esq.), for appellant.
McDonnell & Adels, P.C. (Erik Kallhovd, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Ingrid Joseph, J.), entered October 22, 2013. The order, insofar as appealed from as limited by the brief, upon reargument, in effect, vacated so much of the determination in an order of the same court dated August 17, 2012 as denied the branch of defendant's prior motion seeking to compel plaintiff Jamhil Medical, P.C. to appear for an examination before trial, and thereupon directed plaintiff Jamhil Medical, P.C. to "re-submit complete responses and objections, if any, to defendant's interrogatories" within 45 days of receipt of the order with notice of entry, which defendant was directed to serve along with a copy of its interrogatories and a notice of an examination before trial.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant served Jamhil Medical, P.C. (plaintiff) with, among other things, a notice of an examination before trial (EBT), a demand for interrogatories and a notice to produce. By order dated August 9, 2011, the Civil Court (Dawn Jimenez Salta, J.) ordered plaintiff to "provide verified written responses within 60 days." By order dated August 17, 2012, insofar as is relevant to this appeal, the Civil Court (Ingrid Joseph, J.) granted the branch of defendant's subsequent motion seeking to dismiss pursuant to CPLR 3126 or to compel disclosure, including an EBT, "to the extent that Plaintiff is ordered, pursuant to CPLR 3124, to re-submit written answers and objections, if any, [*2]to Defendant's interrogatories, signed or verified under oath by an officer, director, member, agent or employee of plaintiff . . . having the information," and denied the branch of defendant's motion seeking to compel plaintiff to appear for an EBT.
Defendant then moved for leave to reargue, asserting, insofar as is relevant to this appeal, that it was entitled to an EBT as well as responses to its discovery demands. Upon granting leave to reargue, the Civil Court (Ingrid Joseph, J.), by order entered October 22, 2013, in effect vacated so much of the August 17, 2012 order as denied the branch of defendant's prior motion seeking to compel plaintiff to appear for an EBT, and thereupon directed plaintiff to "re-submit complete responses and objections, if any, to defendant's interrogatories" within 45 days of receipt of the order with notice of entry, which defendant was directed to serve along with a copy of its interrogatories and a notice of an EBT. 
Plaintiff's appellate argument is concerned with the subject matter of defendant's notice to produce, which is not mentioned in the order appealed from, and is irrelevant to defendant's interrogatories, to which the order directs plaintiff to respond. Plaintiff does not make any specific argument on appeal regarding the EBT or the interrogatories. 
Accordingly, the order, insofar as appealed from, is affirmed. 
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 29, 2017